UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OLVIN GEOVANY RODRIGUEZ,

        Petitioner,

  v.

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, et al.,

        Respondents.
_____

20-CV-424
ORDER

       The petitioner, Olvin Geovany Rodriguez, is a civil immigration detainee currently held at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF").  Rodriguez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 claiming that his continued detention during the COVID-19 global pandemic violates his Fifth Amendment "right to be detained in a safe situation, free from punitive conditions of confinement."  Docket Item 1 ¶146.  More specifically, Rodriguez alleges that his continued detention during the COVID-19 pandemic "places [him] at extraordinary risk of infection, illness[,] and death."  Id. ¶145.

       On April 13, 2020, the respondents moved to dismiss the petition.  Docket Item 19-2.  They argue that "this Court has outlined the due process contours for detainees at the BFDF, and has detailed when, and for whom, additional precautions must be taken."  Id. at 2.  Rodriguez, however, "does not meet the category of individual for whom additional steps must be taken."  Id.

On April 16, 2020, Rodriguez responded.  Docket Item 21.  He agues "that given his health concerns, . . . he will [likely] succeed on the merits of his Fifth Amendment claim" and attaches medical records "identifying [his] medical conditions."  *Id.* at 3.

On April 17, 2020, the respondents replied.  Their medical expert, Captain Abelardo Montalvo, M.D., attests that he has reviewed the medical records that Rodriguez submitted and "Rodriguez is not a 'vulnerable individual' as per [Centers for Disease Control ('CDC')] guidance and this Court's orders in *Jones v. Wolf*, No. 20-CV-361, 2020 WL 18096[77] (W.D.N.Y. Apr. 9, 2020); 2020 WL 1643857, (W.D.N.Y. Apr. 2, 2020)."  Docket Item 26 ¶ 2.[1]  More specifically, "Rodriguez is under 65 years of age and . . . he does not have any neurological degenerative, inflammatory, immunological, debilitating or genetic condition that makes him vulnerable."  *Id.* ¶ 3.

For the reasons that follow, this Court grants the respondents' motion to dismiss Rodriguez's petition.

## **DISCUSSION**

In *Jones*, this Court found that the government's "fail[ure] to take the steps recommended by public health officials to protect *high-risk individuals* from contracting COVID-19" while in immigration detention at the BFDF violated those individuals' Due Process rights.  2020 WL 1643857, at *1 (emphasis added).  Thus, this Court ordered

---

[1] As this Court explained in *Jones*, the CDC has stated that "high-risk conditions could include: [p]eople with chronic lung disease or moderate to severe asthma[; p]eople who have serious heart conditions[; p]eople who are immunocompromised . . . [; p]eople of any age with severe obesity (body mass index [BMI] of 40 or higher)[; p]eople with diabetes[; p]eople with chronic kidney disease undergoing dialysis[; or p]eople with liver disease."  2020 WL 1643857, at *14 n.13 (citation omitted).

the government to "provide those petitioners who are vulnerable individuals, as defined by [the CDC,] with a living situation that facilitates 'social distancing.'" *Id.*

With respect to the *Jones* petitioners who were not "vulnerable" based on CDC guidelines, however, this Court found that there was no Due Process violation. *See* 2020 WL 1809677, at *3 ("Although these individuals may be at heightened risk of developing complications from COVID-19, they do not meet the CDC's current criteria for vulnerable individuals. Because the violation at issue arises from the respondents' failure to act on their actual knowledge of serious risks to the health and well-being of individuals with the vulnerabilities identified by the CDC, the respondents are not acting with deliberate indifference to the needs of [the petitioners who do not] meet[ ] these criteria." (citation and internal quotation marks omitted)).

Although Rodriguez claims that "his health concerns" put him at risk for complications from COVID-19, he does not identify any condition that makes him high risk *under CDC guidelines*. Nor does Rodriguez identify any other facts that differentiate his case from those of the petitioners who were not high risk in *Jones*.

What is more, the respondents' medical expert has reviewed Rodriguez's medical records and confirmed that Rodriguez does not meet the CDC's criteria for vulnerable individuals. As this Court explained in *Jones*, it "is trained in the law, not medicine," and "[t]he best it can do in this situation is turn to the experts." 2020 WL 1643857, at *7.

Therefore, based on this Court's decision in *Jones*, the respondents have not violated Rodriguez's right to Due Process. Accordingly, this Court grants the respondents' motion to dismiss.

**<u>ORDER</u>**

For the reasons explained above, the respondents' motion to dismiss, Docket Item 19, is GRANTED, and Rodriguez's petition, Docket Item 1, is DISMISSED. The Clerk of Court shall close this case.

SO ORDERED.

Dated:	April 20, 2020
	Buffalo, New York

						 */s/ Lawrence J. Vilardo*
						LAWRENCE J. VILARDO
						UNITED STATES DISTRICT JUDGE